**FILED**

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
JACKSONVILLE FLORIDA

ARILYN JAMES,

        Plaintiff,

v.

TRANSWORLD SYSTEMS INC.

        Defendant.

_____/

CASE NO: 3:18-cv-1192-J-39PDB
<u>**Jury Trial Demanded**</u>

## <u>COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES</u>

Plaintiff ARILYN JAMES ("Ms. James" or "Plaintiff") files suit against TRANSWORLD SYSTEMS INC. ("Transworld" or "Defendant") and in support alleges:

### <u>NATURE OF ACTION</u>

1.    This is an action for injunctive relief and damages in excess of $15,000 brought by Plaintiff, Arilyn James, for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA") by Transworld. Fundamentally, this case is about Transworld's refusal to respect Ms. James' personal and legal rights in its attempts to collect an alleged debt.

### <u>JURISDICTION</u>

2.    Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367(a), and 47 U.S.C. § 227(b)(3). *See Mims v. Arrow Fin. Serv., LLC*, 132 S. Ct. 740, 753 (2012) (federal district courts have federal question jurisdiction over TCPA claims).

### <u>THE PARTIES</u>

3.    Plaintiff, Arilyn James, is a natural person, and citizen of the State of Florida, residing in Pinellas County, Florida.

4.    Transworld is a debt collection company with a principal place of business at 500

Virginia Drive, Suite 514 Ft. Washington, Pennsylvania 19034.

5.     At all times material, Transworld was transacting business in the State of Florida.

6.     Transworld is a foreign profit corporation responsible for attempting to collect an alleged debt from Ms. James.

7.     Ms. James is the recipient of the Transworld calls.

8.     Ms. James is the "called party." *See Soppet v. Enhanced Recovery Co., LLC*, 679 F. 3d 637, 643 (7th Cir. 2012).

9.     Ms. James is an "alleged debtor."

10.    Ms. James is a "consumer" as defined in Florida Statute Section 559.55(8).

11.    The alleged debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute Section 559.55(6).

12.    Ms. James hired Davis Law Firm to represent her to seek relief from the overwhelming volume of debt collection calls that Ms. James is receiving from Transworld.

## BACKGROUND

13.    Ms. James is the regular user and carrier of cellular telephone number (727) 480-3958.

14.    On July 23, 2014, Ms. James started receiving multiple collection calls per day from Transworld to her cell phone (727) 480-3958.

15.    Transworld called Ms. James in an attempt to collect an alleged debt.

16.    ***TRANSWORLD LACKED CONSENT TO CALL MS. JAMES***. Ms. James revoked any prior consent when she asked Transworld to "stop calling" her.

17.    Transworld has called Ms. James' cellular telephone number over 141 times.

18.    Transworld knew that cellular telephone number (727) 480-3958 belonged to Ms.

James.

19.     Transworld's calls are so frequent that Ms. James often does not answer incoming phone calls from anyone.

20.     *MS. JAMES REVOKED CONSENT MULTIPLE TIMES.* On several occasions, Ms. James orally requested that Transworld "stop calling" her.

21.     Despite these repeated requests, Transworld continued to call Ms. James' cell phone to harass her.

22.     *NATURE OF THE VIOLATIONS.* Exhibit "A" displays the times and dates of at least some of the calls made by Transworld to Ms. James' cellular telephone number (727) 480-3958.

23.     *TRANSWORLD'S PRACTICES.* Transworld called Ms. James using telephone number(s): (727) 239-4198 and (727) 265-3507.

24.     The telephone number (727) 239-4198 is a number that does or did belong to Transworld or its agents.

25.     The telephone number (727) 265-3507 is a number that does or did belong to Transworld or its agents.

26.     Transworld attempted to collect an alleged debt from Ms. James by overwhelming her with telephone calls.

27.     Transworld called Ms. James over 10 times before 8:00 a.m., in violation of the TCPA restriction prohibiting collection calls before 8:00 a.m. and after 9:00 p.m.

28.     Each call Transworld made to Ms. James was made using an automatic telephone dialing system ("ATDS"), which has the capacity to store or produce telephone numbers to be called, without human intervention, using a sequential or random number generator; and to dial

such numbers as specified by 47 U.S.C. § 227(a)(1).

29.     Furthermore, many of the calls at issue were placed by Defendant using a "prerecorded voice" as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

30.     Ms. James recognized Transworld's use of an artificial or pre-recorded voice from the pause or click Ms. James heard when answering her cell phone.

31.     Ms. James repeatedly requested that Transworld "stop calling," however, Transworld continued to make calls.

32.     Transworld made at least one call to (727) 480-3958.

33.     Transworld made at least one call to (727) 480-3958 using an "automatic telephone dialing system" (ATDS).

34.     Each call that Transworld made to Ms. James' cellular telephone number was done so without the "express permission" of Ms. James.

35.     Transworld never had Ms. James' prior express consent for the placement of the telephone calls to her aforementioned cellular telephone by use of an ATDS or a prerecorded or artificial voice.

36.     Ms. James expressly revoked any consent Transworld may have mistakenly believed it had for placement of telephone calls to Ms. James' aforementioned cellular telephone by the use of an ATDS or prerecorded voice or artificial voice immediately upon Transworld's placement of the calls.

37.     Transworld has at least one recorded conversation with Ms. James.

38.     Transworld has recorded numerous conversations with Ms. James.

39.     Transworld has been sued in federal court where the allegations include: calling an individual using an ATDS after the individual asked for the calls to stop.

40.     Transworld corporate policy and procedures are structured as to continue to call individuals like Ms. James, despite these individuals revoking any consent that Transworld may have mistakenly believed it had.

41.     Transworld corporate policy and procedures provide no means for Ms. James to have her aforementioned cellular number removed from Defendant's call list.

42.     Transworld has a corporate policy of using an ATDS or pre-recorded or artificial voice message to collect debts from individuals such as Ms. James for its financial benefit.

43.     The calls made by Transworld to Ms. James' cell phone were willfully or knowingly made.

44.     The calls made by Transworld to Ms. James' cell phone were not made for emergency purposes.

45.     All conditions precedent have occurred, been performed, or have been waived.

### COUNT I – VIOLATIONS OF THE TCPA BY TRANSWORLD

46.     Plaintiff incorporates by reference paragraphs 1 through 45 of this Complaint.

47.     Transworld negligently, willfully, or knowingly placed calls to Ms. James' cellular telephone.

48.     Transworld placed non-emergency telephone calls to Ms. James' cellular telephone.

49.     Transworld called Ms. James using an automatic telephone dialing system and/or used a prerecorded or artificial voice.

50.     Transworld called Ms. James after she revoked any consent by telling Transworld to "stop calling" her.

51.     Transworld called Ms. James at least 10 times before 8:00 a.m., each of which are

violations of the TCPA restriction of collection calls before 8:00 a.m. and after 9:00 p.m.

52.     As a result of Transworld's illegal conduct, Ms. James suffered actual damages and, under § 227(b)(3)(B), is entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

53.     Therefore, Transworld is in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

54.     WHEREFORE, Plaintiff requests that this Court enter judgment in favor of Plaintiff, ARILYN JAMES, and against Defendant, TRANSWORLD SYSTEMS INC., for:

a)      Actual damages;

b)      Statutory damages;

c)      An injunction permanently enjoining the Defendant from engaging in the violative practices; and

d)      Such other or further relief as this Court deems equitable, just, or proper.

Respectfully Submitted,

**DAVIS LAW FIRM**

*/s/Ariel R. Spires*
**ARIEL R. SPIRES. ESQ.**
FL BAR NO. 0124523
aspires@davispllc.com
**TODD M. DAVIS, ESQ.**
FL BAR NO. 58470
td@DavisPLLC.com
Bank of America Tower
50 N. Laura Street
Suite 2500
Jacksonville, FL 32202
904-400-1429 (T)
904-638-8800 (F)